a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VAUGHN JOHNSON, Petitioner | CIVIL ACTION NO. 1:19-CV-152-P |
| VERSUS | JUDGE DEE D. DRELL |
| ICE, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the Complaint (Doc. 1) and Amended Complaints (Docs. 10, 25) under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] or 28 U.S.C. § 2241 filed by pro se Plaintiff Vaughn Johnson ("Johnson") (#A096335944). At the time of filing, Johnson was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") incarcerated at the LaSalle Detention Center in Jena, Louisiana.

Because this Court lacks jurisdiction over Johnson's claims, his Complaint and Amended Complaints (Docs. 1, 10, 25) should be DISMISSED.

I. <u>Background</u>

Johnson was convicted of making a false statement on a passport application in violation of 18 U.S.C. § 1542. (Case No. 6:10-cr-238, M.D. Fla.). While on supervised release, Johnson again made a false statement on a passport application.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

(Case No. 6:15-cr-003, M.D. Fla.). Johnson was also convicted in the United States Virgin Islands of wire fraud, in violation of 18 U.S.C. § 1343. <u>Johnson v. Immigration & Customs Enf't</u>, 13-cv-080, 2014 WL 1912355 (S.D. Ga. May 12, 2014).

Johnson was ordered removed from the United States (Doc. 1-2, pp. 43-50) and has since been removed. Johnson challenges the legitimacy of the removal order. (Doc. 25, p. 20). Johnson also disputes the authority of DHS/ICE to issue detainers. (Doc. 25, p. 20).

Johnson has previously raised these and similar allegations in petitions for writs of habeas corpus and "numerous motions seeking various forms of relief," <u>Johnson v. Immigration & Customs Enf't</u>, 5:13-cv-080, 2014 WL 1912355, *1 (S.D. Ga. May 12, 2014) (dismissing petition and denying "miscellaneous motions"), which included "numerous pages of rambling discussion" that made it "difficult to decipher [Johnson's] claims," <u>Johnson v. United States</u>, 6:16-cv-2167, Doc. 47, p. 3. See also <u>Johnson v. Attorney Gen. of United States</u>, 2:17-cv-0422, 2017 WL 4343083 (D. Nev. Sept. 30, 2017) (denying petition, motions to amend, and emergency motions); <u>Johnson v. Immigration and Customs Enforcement</u>, 6:17-cv-1911, M.D. Fla. (denying Emergency Motion for U.S. True Identity, Nationality and Biometric Official Verification Evidentiary Hearing and for Equal Protection); <u>Johnson v. Immigration and Customs Enforcement</u>, 6:15-cv-1102, M.D. Fla. (denying petition and terminating five miscellaneous motions). In this Court alone, Johnson has previously filed three civil actions, all of which were dismissed for lack of jurisdiction. (1:18-cv-1427; 1:18-cv-1484; 1:19-cv-160).

## II. Law and Analysis

### A. Johnson's Complaint is subject to preliminary screening.

Because he is proceeding in forma pauperis, Johnson's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. The Court lacks jurisdiction over challenges to Johnson's removal order and detainers.

Johnson seeks an order to enjoin his removal and to reinstate his Florida driver's license. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute...." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. See Hartford Ins. Group v. Lou–Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Johnson must prove that jurisdiction exists. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007). The Fifth Circuit has further held that the prohibition strips district courts of the jurisdiction to consider requests for a stay of removal proceedings. Idokogi v. Ashcroft, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay…."). Therefore, this Court lacks jurisdiction to review the validity of Johnson's order of removal, or to enjoin ICE from removing Johnson from the United States. Because Johnson has already been removed, his request to stay his removal is moot. Johnson provides no authority for this Court to reinstate his Florida driver's license, and his claim should be dismissed.

Johnson also challenges the validity of his DHS/ICE detainers. This claim is not properly before the Court because Johnson is not in custody pursuant to those detainers. Zamarripa-Torres v. Bureau of Immigration & Customs Enf't, 347 F. App'x 47, 48 (5th Cir. 2009) (issuance of ICE detainer did not place petitioner "in custody" for the purposes of § 2241) (citing Zolicoffer v. United States DOJ, 315 F.3d 538, 540-41 (5th Cir. 2003)); Rodriguez v. Smelser, 09-cv-01597, 2009 WL 3698133, at *1 (D. Colo. Nov. 5, 2009) (under § 2241(c), a petitioner "must be in custody for the purposes of the ICE detainer in order to challenge the detainer"). Johnson previously raised

this same claim in the Southern District of Georgia. Johnson, 5:13-cv-080, 2014 WL 1912355, at *2 (S.D. Ga. May 12, 2014) (Johnson was not "in custody" of ICE for purposes of § 2241 simply by way of the detainer ICE lodged against him). Johnson's challenge to the detainers should be dismissed.

    C.    <u>Johnson fails to state a claim under Bivens.</u>

Johnson's Bivens claim is meritless. In Bivens, the Supreme Court created a damage remedy against individual federal law enforcement officers who allegedly conducted a warrantless search of a suspect's home and arrested him without probable cause. The Supreme Court found that the cause of action flowed from the necessity to enforce the Fourth Amendment in circumstances where the victim had no effective alternative remedy. Bivens established that, in certain circumstances, "'the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.'" De La Paz v. Coy, 786 F.3d 367, 372 (5th Cir. 2015) (quoting Carlson v. Green, 446 U.S. 14, 18 (1980)).

As this Court has previously stated (1:18-1427; 1:19-cv-160), Johnson has not shown that Bivens provides a remedy in his case. See De La Paz, 786 F.3d at 378 ("Here, the implicit but emphatic message from Congress requires this court to abstain from subjecting immigration officers to Bivens liability for civil immigration detention and removal proceedings."). Because Johnson provides no authority to support a claim under Bivens, any such claim should be dismissed. See Adegbuji v. Fifteen Immigration & Customs Enf't Agents, 169 F. App'x 733, 735 (3d Cir. 2006)

5

(REAL ID Act barred judicial review of plaintiff's <u>Bivens</u> claim); <u>Guardado v. United States</u>, 744 F. Supp. 2d 482 (E.D. Va. 2010) (court lacked jurisdiction over <u>Bivens</u> case based on REAL ID Act).

### III. <u>Conclusion</u>

Because this Court lacks jurisdiction over Johnson's claims, IT IS RECOMMENDED that the Complaint (Doc. 1) and Amended Complaints (Docs. 10, 25) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue and WITHOUT PREJUDICE as to the merits of Johnson's claims.

IT IS FURTHER RECOMMENDED that, based on this action and Johnson's three prior suits that were dismissed for lack of jurisdiction, Johnson be PROHIBITED from filing additional <u>Bivens</u> or § 2241 suits raising claims related to or arising from his removal order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from

6

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_6th\_ day of May, 2019.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge